John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, AR 71901
RE: Contracts for Professional and Other Services
Dear Representative Parkerson:
Your request for an official Attorney General's opinion pertaining to the above matter presents the following specific questions:
 1. Are cities of the first class required to enter into contracts for professional and other services upon the basis of competitive bidding or requests for proposals?
 2. Are water commissions (established pursuant to Ark. Stat. Ann. 19-4219, et seq.) SEWER COMMISSIONS (AIRPORT COMMISSIONS?) (established pursuant to Ark. Stat. Ann. 74-501, et seq.), and advertising and tourist commissions (established pursuant to Ark. Stat. Ann. 19-4613, (19-4616?) et seq.), and other commissions of cities of the first class required to enter into contracts for professional and other services upon the basis of competitive bidding or requests for proposals?
Ark. Stat. Ann. 19-1043 states:
 (1) Exclusion. For the purposes of this Act (19-1042 — 19-1046), the term "municipal affairs" means all matters and affairs of government germane to, affecting or concerning the municipality or its government except the following which are state affairs and subject to the general laws of the State of Arkansas: Public information and open meetings; UNIFORM REQUIREMENTS FOR COMPETITIVE BIDDING ON CONTRACTS; . . . (emphasis supplied)
Ark. Stat. Ann. 19-4425 setting forth competitive bidding requirements over $5,000.00 by First Class Cities states:
 The mayor, or his duly authorized representative, shall have exclusive power and responsibility to make purchases of all supplies, apparatus, equipment, materials and other things requisite for public purposes in and for the city, and to make all necessary contracts for work or labor to be done, or material or other necessary things to be furnished for the benefit of the city, OR IN CARRYING OUT ANY WORK OR UNDERTAKING OF A PUBLIC NATURE THEREIN . . . . that where the amount of EXPENDITURE FOR ANY PURPOSE or contract exceeds the sum of five thousand dollars ($5,000.00), the mayor or his duly authorized representative, shall invite competitive bidding thereon . . . and the officials designated to receive such bids shall have exclusive power to award the bid to the lowest responsible bidder; provided however, the mayor and any committee designated to receive bids may reject any and all bids received; AND PROVIDED FURTHER, THE GOVERNING BODY, BY ORDINANCE MAY WAIVE THE REQUIREMENTS OF COMPETITIVE BIDDING IN EXCEPTIONAL SITUATIONS WHERE SUCH PROCEDURE IS DEEMED NOT FEASIBLE OR PRACTICAL. (Acts 1959, No. 28 5, p. 60; 1979, No. 154 1, p. 383; 1985, No. 745, 3, p. ____) (emphasis supplied)
Therefore, in response to your first question set forth hereinabove, any exception of professional services from competitive bidding requirements must be based upon the final clause of Ark. Stat. Ann. 19-4425 allowing the competitive bidding requirements to be waived by ordinance in a situation where such procedure is deemed not feasible or practical.
In response to your second question, examination of statutory law concerning each entity set forth in your question discloses no exceptions from the requirement of Ark. Stat. Ann. 19-4425 discussed hereinabove.
However, some authority exists that provisions requiring competitive bidding prior to entering into contracts with municipalities are not applicable to contracts for personal services involving a peculiar skill or ability. 10 McQuillin, Municipal Corporations (3rd Ed. Rev.) 29.35. The rationale for such authority was that the requirement of competitive bidding for labor or work does not apply to services that require scientific knowledge or professional skill.
Furthermore, the legislature's intent to distinguish between such professional services as that of an architect or engineer and the services of a contractor is demonstrated in the public works statute, Ark. Stat. Ann. 14-613, which requires public bidding for the construction contract but makes no such requirement for the architectural or engineering services.
Therefore, it appears that cities of the First Class are not required to engage in competitive bidding for professional services pursuant to Ark. Stat. Ann. 19-4425 especially in the event a proper and valid enabling ordinance setting forth particular facts and circumstances justifying waiving of competitive bidding is adopted.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Dan Kennett.